PER CURIAM.
Plaintiff Pierce Davidson Associates (Pierce) appeals from an order of the Tax Court dismissing its appeal of an assessment for failure timely to supply income and expense information pursuant to N.J.S.A 54:4-34. Pierce owns real property in the Township of Franklin (Township). In 1993, the Township hired MGM Associates (MGM) to conduct a real property tax revaluation for the 1994 tax year. Pursuant to N.J.S.A 54:4-34, MGM sought to obtain income and expense statements from commercial property owners. MGM sent a written request to Pierce for such data by certified mail. As required, a copy of N.J.S.A 54:4-34 accompanied the request. N.J.S.A. 54:4-34 requires that such requests be honored within forty-five days. Pierce received the request on March 23, 1993, but did not respond within the prescribed period.
MGM prepared the assessment without income and expense data from Pierce. MGM sent notice of the assessment to Pierce on November 11, 1993. As part of the revaluation process, the MGM assessors provided property owners an opportunity to meet regarding the assessments. Pierce met with MGM on December 6, 1993. On December 20, 1993, Pierce finally submitted the required income and expense data. MGM adjusted its original assessment, and sent notice to Pierce of the final assessment on January 11,1994.
Pierce appealed directly to the Tax Court on March 9,1994. On January 17,1995, the Township moved pursuant to N.J.S.A 54:4-34 to dismiss Pierce’s appeal for failure timely to supply the requested income and expense information. The court adjourned the trial and scheduled a hearing of the motion. By order dated February 22, 1995, the court granted the Township’s motion to *711 dismiss, qualified by the opportunity for a reasonableness hearing.[1] Pierce chose not to pursue the reasonableness hearing and the court entered the Judgment of Dismissal from which Pierce now appeals.
Pierce contends on appeal that it substantially complied with the requirements of N.J.S.A. 54:4-34 by providing the requested income and expense information before the final assessment issued, and that the Township’s motion to dismiss was untimely. We affirm substantially for the reasons expressed in Judge Hamill’s oral ruling of February 22, 1995. It is critical to the reliability and fairness of the property revaluation process that information necessary for property assessments be submitted promptly and that statutory time requirements be uniformly enforced.
Whether by tactic or sloth, the taxpayer here waited until it was informed of the proposed new assessment and had met with the revaluation team, before submitting its data on December 20. This is unacceptable, given the statutorily mandated January 10 date for filing of the complete municipal assessment list. N.J.S.A. 54:4-35.
Affirmed.

 The Supreme Court held in Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 11-12, 547 A.2d 691 (1988), that taxpayers who fail to comply with the time requirements of N.J.S.A. 54:4-34 are entitled to a hearing to determine whether the assessor reasonably valued their property using the available data.