KUSKIN, J.T.C.
In this local property tax matter, defendant, Washington Township, moves to dismiss plaintiff’s complaint because of plaintiffs failure to provide information requested by the Township assessor pursuant to N.J.S.A. 54:4-34 (amended by L. 1979, c. 91 and, thus, generally referred to as “Chapter 91”) within forty-five days after the date of the assessor’s request. This statute provides as follows:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing properly, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
In June 1996, Lynn Aber, the Director of Real Estate for both plaintiff and Hastings Square, Inc. (a related entity), received a Chapter 91 request for information as to property of Hastings Square but not as to plaintiffs property. Ms. Aber advised the tax assessor by telephone of such omission, and, on September 3, 1996, the assessor mailed the Chapter 91 request which is the *167 subject of the pending motion. Plaintiff does not dispute that: (a) it received such request on September 4, 1996, (b) the request complied with the requirements of N.J.S.A. 54:4-34, (c) plaintiffs response to the request was not mailed until shortly before November 12, 1996, and (d) the tax assessor received plaintiffs response on November 12,1996, sixty-nine days after the assessor mailed the request to plaintiff. The assessor does not dispute that plaintiffs response to the request was substantively complete and adequate.
Plaintiff offers no explanation for responding to the assessor’s request after the forty-five day period set forth in the statute. Ms. Aber’s Certification states: “Subsequent to that conversation [in which Ms. Aber notified the assessor that she did not receive a request for information on the Hastings Plaza property], the tax assessor sent another Chapter 91 request with the correct Block and Lot. I filled it out and sent it back in. I provided all the information at my disposal for the assessor to evaluate our property.”
The assessor asserts in her Certification that, when she received the plaintiffs response on November 12, 1996, “my office was in the process of finalizing 6,671 property line items for our 1997 assessment roles” and was calculating farmland assessments based upon ranges of value provided by the county. The assessor concludes:
In order for me to comply with my statutory responsibilities and compliance obligations, it is essential that taxpayers comply with the assessor’s request for income and expense information on a timely basis.
The purpose oiN.J.S.A 54:4-34
is to assist the assessor, in the first instance, to make the assessment and thereby hopefully to avoid unnecessary expense, time and effort in litigation.
[The statute] goes to the very substance of assessing practices. By insuring to the assessor income information from the best available source, it seeks to relieve both the taxpayer and the taxing district of the time and expense of an adversary proceedings [sic] to review an assessment either in the county board of taxation or the Tax Court.
[Terrace View Gardens v. Dover Tp., 5 N.J.Tax 469, 471-72 (Tax 1982).]
*168 This formulation has been adopted in several decisions, including Ocean Pines, Ltd. v. Point Pleasant Bor., 112 N.J. 1, 7, 547 A.2d 691 (1988) and ML Plainsboro Ltd. Partnership v. Plainsboro Tp., 16 N.J.Tax 250, 256 (App.Div.1997), certif. denied, 149 N.J. 408, 694 A.2d 194 (1997). The specific purpose of the forty-five day time limit for responses to assessor’s requests is explained in the Statement, dated January 26, 1978, annexed to Finance and Appropriations Committee revision of Senate Bill 309, Leg.Sess. of 1979, as follows: “Committee amendments fix a forty-five day time period in which the income producing property owner must respond to the written request from the assessor. A specific time requirement is necessary to provide for an orderly procedure.”
The Tax Court has denied Chapter 91 motions where the assessor’s request did not effectuate the statutory puipose. In Delran Holding Corp. v. Delran Tp., 8 N.J. Tax 80 (Tax 1985), the assessor sent a request for information on September 23, 1984, after the plaintiff had filed an appeal of a 1984 tax assessment. The court determined that, even if the taxpayer supplied the requested information within the statutory forty-five day period, “unquestionably [the information] could not have been utilized in valuing the property for the 1984 assessment.” Id. at 83. In Westmark Partners v. West Deptford Tp., 12 N.J.Tax 591 (Tax 1992), the assessor mailed requests for information before appeals were filed, but long after January 10 of each of the two years under appeal.[1] The court concluded that, even if the taxpayer had furnished the requested information on a timely basis, the assessor could not have used the information in establishing the subject assessments. The requests for information were “not for the purpose of securing data to aid the assessor to determine the full and fair value of the subject property as envisioned by N.J.S.A. 54:4-34.” Id. at mi.
*169 Plaintiff contends that the same considerations relating to statutory purpose, which resulted in the denial of Chapter 91 motions in Delran Holding and Westmark Partners, require the denial of defendant’s motion herein. Plaintiff asserts that (a) its response to the assessor’s request, although twenty-four days late, was submitted sufficiently before January 10 so that the assessor had adequate opportunity to use the information provided; and (b) under such circumstances, the purpose of Chapter 91 was fulfilled and neither the assessor nor the assessing process was prejudiced.
Plaintiffs position is contrary to reported decisional law, which has consistently required the taxpayer to respond to an assessor’s request within the forty-five day time period set forth in N.J.S.A. 54:4-34. In Ocean Pines, Ltd. v. Point Pleasant Bor., 112 N.J. 1, 547 A.2d 691 (1988), the Supreme Court, in affirming the granting of a Chapter 91 motion, noted the plaintiffs failure to make any attempt, within the forty-five day statutory period, to explain to the assessor why it could not comply with the request. The Court concluded that “plaintiffs failure to respond in any fashion to the assessor’s request precluded plaintiff from asserting a ‘good cause’ claim before the [county tax] Board.” Id. at 9, 547 A.2d 691. Such a claim would be based on the next-to-last sentence of N.J.S.A. 54:4-34 which permits the county board of taxation to impose terms and conditions for furnishing the requested information “where it appears that the owner, for good cause shown, could not furnish the information within the required period of time.”
Tower Ctr. Assocs., v. East Brunswick Tp., 286 N.J.Super. 433, 669 A.2d 829 (App.Div.1996), is another case in which the taxpayer failed to respond to a Chapter 91 request. There, the court rejected the taxpayer’s contention that it was not required to respond to an “overreaching” request, affirmed the granting of a Chapter 91 motion, and held that:
The taxpayer should undoubtedly respond at least to that part of the request not deemed improper and, ... seek relief as to the balance from the County Board of Taxation, or the Tax Court where it would have direct appellate jurisdiction, following an unsuccessful endeavor to convince the assessor that the request must be modified.
*170 We hold only that the taxpayer must take action to challenge the request within the forty-five day statutory time limit, and to put the municipality a notice of its contention. In any event, the taxpayer cannot just sit by and do nothing until the assessment is finalized, as this taxpayer did, and thereafter seek to appeal the assessment by plenary review. Such conduct results in “unnecessary expense, time and effort in litigation.”
[Id. at 438-39, 669 A.2d 829. (Citations omitted).]
In Summerton Shopping Plaza v. Manalapan Tp., 15 N.J.Tax 173 (App.Div.1995), the taxpayer failed to respond to the assessor’s request but claimed the necessary information had been provided to the municipality in answers to interrogatories in connection with a pending appeal of the assessment for a prior year. The Appellate Division rejected this argument.
It was not “unfair” to require timely compliance with N.J.S. A 54:4-34 in order to assist the assessor in meeting the assessment deadline for all properties in the taxing district. Special treatment for one requires special treatment for all, thwarting efficient operation of the assessment process.
[Id. at 176-77.]
The preceding decisions involved failure by taxpayers to make any response to Chapter 91 requests for information. There is no reported decision under N.J.S.A. 54:4r-34 where the taxpayer submitted an adequate response to an assessor’s request after expiration of the forty-five day statutory time limit but sufficiently before January 10 so that the assessor, in setting the assessment on the property covered by the request, apparently had adequate time to use the information in the response. The two reported decisions which have considered Chapter 91 dismissal motions in the context of tardy taxpayer responses have held that late responses are insufficient to defeat the motions. In Pierce Davidson Assocs. v. Franklin Tp., 15 N.J.Tax 709 (App.Div.1996), the Appellate Division affirmed the Tax Court’s granting of the municipality’s Chapter 91 motion where the taxpayer responded on December 20 of the pre-tax year to an assessor’s request received by the taxpayer on March 23 of that year. The court reiterated the importance of consistent application and enforcement of the requirements of Chapter 91, noting that it was “critical ... that information necessary for property assessments be submitted promptly and that statutory time requirements be uniformly enforced.” Id at 711.
*171 In TMC Properties v. Wharton Bor., 15 N.J. Tax 455 (Tax 1996), the taxpayer made no appropriate response to the assessor’s request within the statutory forty-five day period, but provided incomplete income and expense information on December 19 of the pre-tax year, ninety-one days after expiration of the statutory forty-five day period. The Tax Court, in granting the municipality’s Chapter 91 motion, held that Ocean Pines and Tower Ctr. Assocs. established a two step analytical process for deciding such motions. Under the first step, the court must determine whether, within the statutory time period, the taxpayer responded to the assessor in a manner sufficient to communicate to the assessor “in reasonable detail, a plausible basis for the taxpayer’s inability to furnish the requested information____” TMC Properties, supra, 15 N.J.Tax at 463. Only if there has been such a response does the court proceed to the second step of the analysis, that is, a determination of whether there was “good cause” for the failure to provide the requested information within forty-five days.
Plaintiff argues that all of the foregoing cases are inapplicable to the instant facts because, here, the assessor received a substantively complete response nearly two months before the January 10 deadline for completion of assessments. Plaintiff asks the court to infer, from such receipt, the absence of prejudice to the assessor and the assessing process and to disregard the statements in the assessor’s certification as to her need for timely responses to Chapter 91 requests.
This court cannot simply assume that plaintiffs late response did not impair the “orderly procedure” which the forty-five day time limit in Chapter 91 was intended to promote and effectuate. In order to determine whether any such impairment in fact occurred, and the legal consequences, if any, of any such impairment, the court would need to address the following issues: (1) should a distinction be drawn between a late response received by the assessor on November 12 and a late response received on a later or earlier date; (2) should significance be attached to the gap between the due date and the response date (for example, should a response received on November 12 be acceptable because it is *172 twenty-four days late but not acceptable if it is fifty-four or eighty-four days late); (3) should the lateness of plaintiffs response be considered in isolation or in the context of the quantity and timing of all Chapter 91 requests served by the assessor and the quantity and timing of the responses thereto; and (4) should the significance of the lateness of the response be determined in relation to the particular assessor’s practices and schedule or in relation to an objective standard of “reasonable” assessing practices and scheduling.
The only manner in which the Tax Court could determine whether plaintiffs tardy, but complete, response to the Chapter 91 request herein prejudiced the “orderly procedure” of the annual assessing process would be to convene an evidentiary hearing. Discovery might well be necessary before such a hearing. If, at the hearing, the plaintiff bears the burden of persuasion, the plaintiff would have the difficult task of establishing a negative— that is, that the late response did not prejudice the orderly procedure of the assessing process. Alternatively, the municipality would have the burden of establishing prejudice to the assessing process even though the party in violation of the statute is the taxpayer, not the assessor or the municipality. This cumbersome, time-consuming procedure was not contemplated by Chapter 91, a statute intended to improve the efficiency and quality of the assessing process by providing the assessor with ready access to information essential for the valuation of income-producing property.
Chapter 91, as interpreted by our courts, contains significant protections of taxpayers’ rights. The statute requires that each request for information be served by certified mail, and that the request include a copy of the statute so that a taxpayer will understand the response required and the consequences of a failure to respond. These statutory requirements have been strictly enforced. See, e.g., SAIJ Realty Inc. v. Town of Kearny, 8 N.J.Tax 191 (Tax 1986) (holding that failure to include a correct copy of the statute invalidated a Chapter 91 request). Furthermore, the taxpayer’s obligation to respond has been narrowly *173 construed. See ML Plainsboro Ltd. Partnership v. Plainsboro Tp., supra, 16 N.J.Tax 250 (holding that an assessor’s request for information as to leased properties did not require a response as to income-producing property not subject to leases); Cassini v. City of Orange, 16 N.J.Tax 438 (Tax 1997) (holding that a taxpayer was not obligated to respond to a Chapter 91 request, served on September 22, 1995, which sought income and expense data for the year ending December 31, 1995, because such data could not be available until after the deadline for response). Additional protection for taxpayers results from decisions holding that a response given within the statutory forty-five day time period can be adequate to defeat a Chapter 91 motion even if the response does not include the requested income and expense information. See TMC Properties v. Wharton Bor., supra, 15 N.J.Tax at 461.
Plaintiffs position would expand the foregoing protections. There is, however, no basis in the language, history or purpose of N.J.S.A. 54:4-34 to permit taxpayers to disregard the express forty-five day time limit in the statute and obtain refuge in the argument that adequate information was eventually provided on a date, prior to January 10, selected by the taxpayer. The statutory imposition of an arbitrary time limit may, under certain facts, produce harsh results, even where, as in Chapter 91, the time limit is reasonable. The Legislature, if it so chooses, can amend the statute to relax the deadline for responses, but this court is “not at liberty to tamper with the plain language of [Chapter 91] which mandates dismissal of an appeal not preceded by timely compliance with the assessor’s demand, subject to the reasonableness exception recognized in Ocean Pines.” Summerton Shopping Plaza v. Manalapan Tp., supra, 15 N.J.Tax at 176
Defendant’s motion is granted.

 The assessor is obligated to complete the assessing process and submit an assessment list to the county board of taxation by January 10 of each year. N.J.S.A. 54:4-35.