PER CURIAM.
Plaintiffs Wilbert and Jacqueline Morey, now deceased, owned the Pan American Hotel in Wildwood Crest. Their estate appeals from Judge Axelrad’s dismissal of their challenge to 1998 assessed taxes. The Morey’s estate has been substituted as party appellants, but we refer to the estate and appellants as plaintiffs. Judge Axelrad dismissed plaintiffs appeal after they failed to respond in a timely fashion to the assessor’s request for information under N.J.S.A. 54:4-34 (“Chapter 91 request”). Plaintiffs contend that good cause should have excused their failure. We disagree and affirm.
Pursuant to N.J.S.A 54:4-34, on September 12, 1997, Wildwood Crest’s tax assessor mailed via certified mail a form entitled “Annual Statement of Income and Expense for 1997” to plaintiffs and indicated that the form “must be completed and returned on or before October 27, 1997.” Because the statute was last amended by L. 1979, c. 91, effective May 16, 1979, such an information request is referred to as a “Chapter 91 request.”
N.J.S.A. 54:4-34 provides, in pertinent part, that if an owner of real property:
[S]hall fail or refuse to respond to the written request of the assessor within 45 days of such request .. the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request . . The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time.
[N.J.S.A. 54:4-34.]
Plaintiffs received the Chapter 91 request on September 13, 1997, but did not respond in any way from September 13 through October 27, 1997. In fact, plaintiffs did not make any contact with the assessor until February 9, 1998, when Jacqueline Morey’s brother went to the assessor’s office and asked for a second copy of the Chapter 91 request.
*338 On February 12,1998, the assessor finally received the completed 1997 Annual Statement for the Pan American Hotel. On April 1, 1998, plaintiffs filed them complaint contesting the hotel’s 1998 assessed valuation of $4,378,800.
On May 27, 1998, Wildwood Crest moved to dismiss plaintiffs’ complaint, claiming that plaintiffs failed to comply with the provisions of N.J.S.A. 54:4-34. The Borough also sought an order precluding plaintiffs from introducing any income information and limiting plaintiffs’ appeal to a “reasonableness hearing” as permitted under Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 547 A.2d 691 (1988). Such an’inquiry focuses on whether the assessor’s valuation was reasonable, given the data available at the time of the evaluation, and the methodology used by the assessor. Id. at 11, 547 A.2d 691.
On July 7, 1998, plaintiff Jacqueline Morey filed a certification in opposition to the Borough’s motion in which she certified:
1. I am the owner of the Pan American Hotel which is commonly known as: Block: 26.04, Lot: 1, in Wildwood Crest.
2. In March, 1996,1 was diagnosed with ALS commonly known as “Lou Gehrig’s” disease.
3. In the fall of 1997, at or about the time the tax assessor allegedly served the initial Chapter 91 request form, my husband’s health also began to fail from his diagnosis with pulmonary fibrosis. In November, 1997, his health declined further and he subsequently died on January 22,1998.
4. During the time between the fall of 1997, and my husband’s death, my time was consumed with both his and my own health problems. As a result, we were unable to answer the tax assessor’s Chapter 91 request.
At oral argument, plaintiffs argued that good cause for their delay in responding was clearly present. Judge Axelrad, however, questioned why Mrs. Morey’s brother could not have responded on behalf of plaintiffs from September 13 through October 27, 1997. She also noted that Mrs. Morey’s certification does not say “I was unable to write a letter to the assessor telling the assessor we couldn’t answer.”
Judge Axelrad found two decisions by Judge Kuskin persuasive and “concluded that there was a two-step analytical framework for deciding motions to dismiss under Chapter 91.” According to the decisions Judge Axelrad relied upon, if the taxpayer did not *339 respond at all within forty-five days of the assessor’s request, then the failure constitutes a -waiver of the taxpayer’s right to appeal the assessor’s valuation. TMC Properties v. Wharton Borough, 15 N.J.Tax 155, 463 (Tax 1996); Hastings Plaza v. Washington Tp., 17 N.J.Tax 165, 169 (Tax 1998). Judge Axelrad indicated that because plaintiffs made no response whatsoever within the forty-five day time period, she would not reach the issue of good cause. She, therefore, limited plaintiffs’ hearing to the reasonableness of the assessor’s valuation.
On August 12, 1998, plaintiffs’ counsel moved for reconsideration and raised two arguments. First, he again asserted that his clients had good cause for failing to answer the Chapter 91 request. He also indicated that he had just learned that Jacqueline Morey had passed away sometime during the summer. Second, plaintiffs’ counsel argued, for the first time, that the assessor’s request was defective and, therefore, under Cassini v. City of Orange, 16 N.J.Tax. 438, 449-50 (Tax 1997), plaintiffs did not have to respond to the request.
Judge Axelrad indicated that because the Cassini issue had not been raised in opposition to the earlier motion, she would not address this argument. And, after she denied reconsideration, she conducted a reasonableness hearing and dismissed plaintiffs’ complaint because she believed the assessment was reasonable.
Plaintiffs vigorously argue that we must overrule the two Judge Kuskin decisions that Judge Axelrad relied upon. Plaintiffs assert that, given their extraordinary illnesses, the tax court erred by not considering whether plaintiffs had established good cause.
We decline to overrule TMC Properties and Hastings Plaza. And, we need not construe the Chapter 91 good cause provision because we conclude that even if the taxpayers’ personal situation during the forty-five day period were relevant, plaintiffs could not establish good cause.
The Supreme Court perceived the Chapter 91 statutory purpose as assisting assessors by providing timely and sufficient information so the assessor can make an assessment without unnecessary *340 time and effort expended in litigation. Ocean Pines, Ltd., supra, 112 N.J. at 7, 547 A.2d 691.
We recently recognized the importance of assessors receiving timely information from taxpayers. Judge Kestin, wilting for the court, noted that the Legislature has imposed “as the cost of noncompliance, waiver of the right to appeal a valuation and assessment arrived at by the assessor in an exercise of his or her best judgment in the absence of the information required, which is, after all, in the possession and control of the property owner.” Cascade Corp. v. Township of Middle, 323 N.J.Super. 184, 190, 732 A.2d 564 (App.Div.1999).
In Ocean Pines, the Supreme Court stated that “[i]t is apparent from the record that plaintiff made no attempt within the forty-five day period to explain to the assessor why it could not comply with the request. Instead, plaintiff simply chose to ignore the notice.” Ocean Pines, Ltd., supra, 112 N.J. at 8, 547 A.2d 691. So too here. While plaintiffs, in this case, claim they were unable to answer the Chapter 91 request because of their serious illnesses, they continued to run their four million dollar business. Furthermore, as Judge Axelrad noted, how difficult would it have been to call the assessor and explain the problem? Or, why was Mrs. Morey unable to contact her brother earlier?
In short, even when we consider the taxpayers’ condition during the forty-five day period, the evidence does not reflect an inability to respond in any fashion. Given the legislative recognition of the importance to the assessor of timely information, total avoidance of the request during the forty-five day period, even under the facts of this case, cannot be good cause. The taxpayer cannot “altogether ignore” the assessor’s request. Tower Center Associates v. Township of East Brunswick, 286 N.J.Super. 433, 438, 669 A.2d 829 (App.Div.1996).
Finally, we do not believe that Judge Axelrad abused her discretion in declining to consider plaintiffs’ argument on reconsideration that the assessor’s request was invalid because it sought annual data before the year had ended. Cassini v. City of *341 Orange, supra, 16 N.J.Tax at 438. Generally, counsel should use reconsideration motions to acquaint the court with controlling decisions counsel believes the court has overlooked or on which it has erred. R. l:7-4(b). When new information is provided on reconsideration, the court generally will hear this information when the new or additional information could not have been provided on the first application. D’Atria v. D Atria, 242 N.J.Super. 392, 401, 576 A.2d 957 (Ch.Div.1990). Because plaintiffs “overlooked” this matter, Judge Axelrad was within her discretion in declining to consider this claim. Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App.Div.1996).
Affirmed.