**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1452-20

JAMES PRUDENCIANO,

     Plaintiff-Appellant,

v.

COUNTY OF MONMOUTH,
MONMOUTH COUNTY
PARK SYSTEM, and THOMAS
E. FOBES,

     Defendants-Respondents.

_____

Argued December 16, 2021 – Decided February 10, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2675-20.

Andrew B. Smith argued the cause for appellant (Smith & Schwartzstein LLC, attorneys; Andrew B. Smith, on the briefs).

Mario J. Delano argued the cause for respondents (Campbell Foley Delano & Adams LLC, attorneys; Mario J. Delano and Wendy Jennings, on the brief).

PER CURIAM

Plaintiff James Prudenciano appeals from a December 29, 2020 order denying his motion for reconsideration of the judge's October 22, 2020 order. The October 22 order granted defendants' motion to dismiss the complaint and denied plaintiff's cross-motion to file a late notice of claim pursuant to N.J.S.A. 59:8-8 of the New Jersey Tort Claims Act (TCA). We affirm.

On the evening of October 14, 2019, plaintiff was hiking with a friend on the Rock Point Trail of Hartshorn Woods Park, which is owned and operated by defendants. As it became dark, plaintiff and his companion fell approximately twenty feet off a cliff into a shallow river. Plaintiff was wearing an Apple Watch that included a fall detection feature. The watch placed a call to 9-1-1 with the pair's location immediately after it detected the rapid decent and impact. Emergency responders located plaintiff and transported him to Jersey Shore University Medical Center where he was diagnosed with a concussion and compression fractures to his T11, T12, and L3 vertebra. He was discharged on October 17, 2019 and went directly from the hospital to his parent's home to be cared for by his mother.

Within days of the fall, news outlets began contacting plaintiff's mother with requests to interview her son about his experience with the Apple Watch's

A-1452-20

fall detection feature. Plaintiff agreed and was interviewed by News 12 New Jersey on October 20, 2019, and Inside Edition on October 23, 2019. News 12 New Jersey offered plaintiff $1,000 to do the interview and, at their request, plaintiff returned to Hartshorn Woods Park on October 20, 2019 to meet the reporter. The interview aired on October 21, 2019 and included a short clip of plaintiff walking on a path near the parking area wearing a back brace.

The second interview was an Inside Edition feature that aired on October 24, 2019. It included video footage of plaintiff walking with the assistance of a boot-style ankle brace and cane. During the interview, plaintiff noted that he had broken several bones in his back and fractured his right hand and left foot. The segment also included a short clip of plaintiff operating his Apple Watch.

On October 22, 2019, plaintiff went to an urgent care clinic due to pain in his right hand and left foot. X-rays revealed that plaintiff had fractured the fifth metacarpal bone in his right hand and an unspecified tarsal bone in his left foot. He was advised to follow up with an orthopedist and to remain on bed rest for eight to twelve weeks. Plaintiff was essentially bed ridden for the next three months.

On February 21, 2020 (130 days after the fall), plaintiff sent defendant County of Monmouth a notice of claim letter indicating his intent to sue.

A-1452-20

Plaintiff filed his complaint on August 25, 2020. Defendant moved to dismiss arguing plaintiff had failed to provide notice of his claim within ninety days of accrual as required by N.J.S.A. 59:8-8. Plaintiff opposed dismissal and cross-moved for permission to file late notice of the claim. No medical records were included with the cross-motion. He did, however, attach as exhibits the two news articles reporting on his fall and how he was saved by his Apple Watch's fall detection feature. Both included video footage of plaintiff being interviewed.

In support of his cross-motion, plaintiff certified that after the fall: (1) he was "essentially bed-ridden for approximately three months"; (2) during that time he "did not have internet access"; and (3) "[g]iven [his] inability to literally get out of bed for any extended period of time, without access to the internet, [he] was unable to research and inquire into obtaining an attorney until over three (3) months after the accident." Defendants argued that the news articles clearly demonstrated that plaintiff's injuries were not severe enough to warrant an extension of the time to file notice of a claim against a public entity.

Plaintiff argued that courts have found extraordinary circumstances warranting an extension of the time to file based on injuries less severe than his. Additionally, plaintiff contended that because park rangers, police, and

4

emergency responders participated in the rescue, defendants had ample time and opportunity to investigate the cause of his fall. Therefore, defendants would not be prejudiced if plaintiff was permitted to pursue his claim.

On October 22, 2020, the judge granted defendant's motion to dismiss and denied plaintiff's cross-motion for permission to file late notice of claim, finding the news articles demonstrated that plaintiff's injuries were insufficient to meet the extraordinary circumstances standard. The judge also found the evidence in the record insufficient to establish that plaintiff was unable to contact an attorney in a timely manner. Because plaintiff did not satisfy the extraordinary circumstance prong, the judge did not reach the substantial prejudice prong.

On November 11, 2020, plaintiff moved for reconsideration. This time, plaintiff attached three sets of medical records pertaining to the injuries he sustained from the fall as exhibits A-C. Exhibit A consisted of records from Jersey Shore University Medical Center indicating that plaintiff was admitted on October 14, 2019; that he was diagnosed and treated for compression fractures to his T11, T12, and L3 vertebra; and that he was discharged on April 17, 2019, with instruction not to lift anything, drive, or engage in strenuous activity for eight to twelve weeks. Exhibit B was a consultation summary, dated October 22, 2019, diagnosing plaintiff with a fractured fifth metacarpal bone in

his right hand and a fracture in an unspecified tarsal bone in his left foot. Exhibit C was a doctor's note requesting that plaintiff be excused from work because he was medically advised to stay on bed rest for eight to twelve weeks.

On December 18, 2020, the judge issued an oral decision denying plaintiff's motion for reconsideration. The judge entered a December 29, 2020 order reflecting the ruling. In his oral decision, the judge cited Morey v. Wildwood Crest, 18 N.J. Tax 335 (Tax 1999), for the proposition that a party is not entitled to reconsideration based on new evidence that was available when the initial action was filed. Because the plaintiff's medical records were available when he filed his complaint, the judge found it would be improper to consider them.

Despite the procedural deficiency, the judge considered plaintiff's medical records and concluded that his injuries were insufficient to meet the extraordinary circumstance standard. He noted that the cases cited and relied upon by plaintiff involved litigants with far greater injuries and degrees of incapacitation than those demonstrated in this case and denied the motion.

On appeal plaintiff presents the following arguments for our consideration:

POINT I

THE TRIAL COURT ABUSED ITS DISCRE[TION] IN FAILING TO FOLLOW BINDING PRECEDENT WHICH REQUIRED IT TO RESOLVE ANY DOUBTS IN FAVOR OF HEARING THIS CASE ON THE MERITS.  (Pb[1] Point II).[2]

POINT II

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ADHERE TO THE MYRIAD OF PRECEDENT WHICH ALLOWED LATE FILING OF NOTICES OF CLAIMS UNDER LESS FAVORABLE CIRCUMSTANCES.  (Pb Point III).

POINT III

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO EVEN CONSIDER THAT THERE WAS NO PREJUDICE TO RESPONDENTS HERE.  (Pb Point IV).

POINT IV

THE TRIAL COURT ABUSED ITS DISCRE[TION] IN FAILING TO CONSIDER MEDICAL RECORDS AND OTHER EVIDENCE SUBMITTED IN SUPPORT OF THE MOTION FOR RECONSIDERATION.  (Pb Point V).

We review a trial court's denial of reconsideration for abuse of discretion.

Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornblueth v.

---

[1]  Pb signifies plaintiff/appellant's brief.

[2]  Plaintiff's brief Point I presented the standard of review which is not in dispute.

Westover, 241 N.J. 289, 301 (2020)). Reconsideration is appropriate only in the narrow corridor of cases in which "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Law Div. 1990). "[I]f a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application, the [c]ourt should, in the interest of justice (and in the exercise of sound discretion), consider the evidence." Ibid. Motion practice, however, must eventually come to end, "and if repetitive bites at the apple are allowed, the core will swiftly sour. Thus, [a court] must be sensitive and scrupulous in its analysis of the issues in motion for reconsideration." Id. at 401-02.

We also review an order denying a motion for leave to file a late notice of claim under the TCA for abuse of discretion. D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013). The Act requires litigants to notify a public entity of their intent to sue for damages within ninety days of the date the cause of action accrued. N.J.S.A. 59:8-8. If timely notice is not provided, a litigant may pursue his claim within one year of the date of the loss if he can demonstrate "sufficient reasons constituting extraordinary circumstances" for missing the

filing deadline. N.J.S.A. 59:8-9. If extraordinary circumstances justifying an extension of the time to file are shown, the litigant must then also demonstrate that the public entity would not be substantially prejudiced by allowing the claim to proceed. Ibid. If both criteria are met, only then does a judge have the discretion to grant leave to file late notice of a claim against a public entity. Ibid. The failure to file "within ninety days under normal conditions or within one year under extraordinary circumstances" bars a plaintiff from bringing a tort claim against a public entity. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 133 (2017); see also N.J.S.A. 59:8-8(a).

Medical conditions may meet the extraordinary circumstances standard if they are "severe or debilitating" and have a "consequential impact on the claimant's very ability to pursue redress and attend to the filing of a claim." D.D., 213 N.J. at 149-50. The question for the judge is whether, when viewed objectively, a severe or debilitating injury impaired the plaintiff's ability to act during the relevant ninety-day period. Id. at 151. The injuries must be coupled with a "consequential impact on the claimant's very ability to pursue redress and attend to the filing of a claim." Id. at 150.

Plaintiff's injuries were indisputably severe. However, as the judge found, they were only partially debilitating and did not prevent plaintiff from seeking

redress within the statutory time frame. Cf. Mendez v. South Jersey Transp. Authority, 416 N.J. Super. 525, 533-34 (App. Div. 2010) (plaintiffs who were struck by a snow removal truck and suffered severe head trauma as a result, presented extraordinary circumstances because of their continued hospitalization and memory deficits); Maher v. County of Mercer, 384 N.J. Super. 182, 189-90 (App. Div. 2006) (extraordinary circumstances shown where plaintiff was hospitalized with a life-threatening infection that required her to be put into an induced coma). In that regard, the judge correctly found that plaintiff's claims are belied by the news articles showing him participating in an interview outside his home within the week after his fall. We discern no abuse of discretion requiring reversal.

Because plaintiff has not proven extraordinary circumstances, the judge correctly declined to address whether defendants were substantially prejudiced by the untimely filing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1452-20