LARIO, J.T.C.
This matter involves two separate motions for summary judgment filed by the taxing district to dismiss the taxpayer’s 1991 and 1992 local property tax appeals from assessments imposed upon taxpayer’s property known as Block 351, Lots 8.E, F, G and 9B. The motions, which have been consolidated, are predicated upon the taxpayer’s failure for each year in issue to respond to the assessor’s demand for an income and expense statement pursuant to N.J.S.A. 54:4-34 (L. 1979, c. 91, popularly known, and hereinafter referred to as chapter 91) which provides:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
[Amended by ¿.I960, c. 51, § 29; ¿.1979, c. 91, § 1, eff. May 16, 1979.]
*593 The undisputed facts are as follows:
On June 17, 1991, the assessor mailed to the taxpayer by certified mail a request for income and expense data for the tax year ending December 31,1990 relative to the 1991 assessment. A copy of the statute and a two-page question form were included with the notice which, in addition, requested the following information:
a. Rent rolls as of October 1, 1990. (The rent roll includes unit identification, type of unit, name of tenant, expiration date of lease, and lease payment.)
b. Details of mortgage or other indebtness [sic] of the property. Show original date of mortgage, amount, term, interest rate, monthly payment, present outstanding balance, final payment (balloon). If more than one mortgage or indebtness [sic] is secured by the property, show this information for each item.
This request for data is made by certified mail and includes a copy of the statutory language of N.J.S.A. 54:4-34. This requested information must be submitted to this office within 45 days from the date this letter is received. In the event that you do not comply, you will be precluded from filing a tax appeal, challenging the assessment of your property.
The United States Post Office return-receipt shows a delivery date of June 18, 1991.
On July 18, 1991 taxpayer filed its appeal for the tax year 1991 directly with the Tax Court. The taxpayer did not supply the requested information by August 2, 1991 as requested by the assessor. On August 30,1991 the township filed an answer to the complaint, denying that its assessment was too high, and a counterclaim demanding an increase in the assessment.
On February 1, 1992, the tax assessor mailed to the taxpayer by certified mail a request dated January 31, 1992 for income and expense data for the tax year ending December 31, 1991, relative to the 1992 tax year assessment. Again, a copy of the statute plus the two-page question form were included with the notice. The demand notice requested the same information as the prior year’s notice, except October 1, 1990 was changed to October 1, 1991. The postal return-receipt indicates a delivery date of February 3, 1992[1].
*594 On March 13, 1992, the taxpayer filed a 1992 tax year direct appeal with this court. For the tax year 1992, the taxpayer again did not respond to the assessor’s chapter 91 request within the 45-day period which expired on March 19,1992. The township filed an answer and counterclaim to this appeal on April 6, 1992 wherein, again, it denied that the property was over-assessed and counterclaimed to increase the 1992 original assessment. Thereafter both complaints were consolidated for trial. On May 14, 1992 the two instant motions were filed by the township.
The township contends, since the taxpayer failed to supply the required information within the 45-day period for both tax years, pursuant to chapter 91 the taxpayer is now precluded from maintaining either of these two appeals, citing in support thereof, Ocean Pines Ltd. v. Point Pleasant Bor., 112 N.J. 1, 547 A.2d 691 (1988) and Terrace View Gardens v. Dover Tp., 5 N.J.Tax 469 (Tax 1982), aff'd, 5 N.J.Tax 475 (App.Div.1983).
Taxpayer responds that chapter 91 requests are designed to aid the assessor in determining the assessment to be levied and that the statute’s “purpose was to provide assessors with the means of obtaining the relevant information to aid them in determining by way of the income approach the assessment to be levied,” as set forth in Delran Holding Corp. v. Delran Tp., 8 N.J.Tax 80, 83 (Tax 1985).
Taxpayer asserts that the motion relative to the 1991 complaint should be denied because the assessment for that year was to be set as of October 1, 1990, however, the request for income data was not mailed until June 17, 1991 to be responded to within 45 days which expiration date was after July 18, 1991, the date taxpayer filed its 1991 complaint. Therefore, it reasons, even if the taxpayer had responded to the assessor’s request, the information could not have been used to aid the assessor in setting the 1991 assessment since it already had been set.
For the same reasons taxpayer urges that the 1992 motion also should be denied pointing out that the request for this tax *595 year was mailed February 1,1992 and taxpayer’s complaint was filed March 13, 1992, several days prior to the expiration of the 45-day period. It further alleges that the requested income and expense data for the tax year ending December 31, 1991 had not been prepared prior to May 1992, therefore, taxpayer was unable to provide data that “did not yet exist.” Plaintiff further pleads that, in the event defendant’s motions are granted, it requests a reasonableness hearing be held pursuant to Ocean Pines v. Pt. Pleasant Bor., supra.
In reply thereto, the township states that, although in both instances the assessment had been set when the chapter 91 notices were mailed, it alleges that it is within the authority of the assessor to “adjust his assessment by filing with the county board an assessor’s appeal.” To this assertion, taxpayer answers that there is no statutory authority granting standing to a tax assessor to file an appeal to increase or reduce an assessment once the assessment has been fixed and, secondly, that is not the purpose of the statute.
In order to properly determine the applicability of the statute to the two appeals in question, it is necessary to analyze the chronology of the statutory events relevant to the levying of a property’s local real estate assessment. N.J.S.A. 54:4-23 directs, except as to farmland,[2] “the assessor shall ... after examination and inquiry, determine the full and fair value of each parcel of real property situate in the taxing district at such price as, in his judgment, it would sell for at a fair and bona fide sale by private contract on October 1 [of the pretax year].” Emphasis added. After determining his October 1 taxable valuation, the tax assessor is then directed by N.J.S.A. 54:4-35 to “complete the preparation of his assessment list by January 10 following, on which date he shall attend before the county board of taxation and file with the board his complete assessment list____” Upon receiving the tax list, the county board of *596 taxation is to meet to review and revise the list as it deems appropriate, N.J.S.A. 54:4-46, -47, and to certify the corrected final assessment to the municipal tax collector on or before May 13 of the tax year. N.J.S.A. 54:4-55. “Thereafter neither the assessor nor the collector shall make or cause to be made any change or alteration in the tax duplicate except as may be provided by law.” Ibid.
Thus, the assessor, in the context of his administrative function of levying annual property assessments based upon an income producing property’s October 1 pretax year valuation, must request the income data permitted under chapter 91 within time for it to be incorporated in his determination of the correct assessments to be submitted to the county board by January 10 of the tax year. By the adoption, in 1979, of the chapter 91 amendment to N.J.S.A. 54:4-34, the Legislature’s purpose was to provide assessors with additional authority to secure as much information as possible to aid in ascertaining the fair market value of income-producing property. In so doing, however, the Legislature obviously intended that the income data be sought prior to setting assessments to be forwarded to the county boards.
In the present appeals, the income data requested for the 1991 assessment was mailed on June 17, 1991 which was long after the January 10 deadline for the filing of the tax duplicate by the municipal tax assessor and well beyond the time period within which the county tax board is required to certify the tax duplicate. As to the 1992 tax assessment, the notice was sent out on February 1, 1992 which also was after the January 10 deadline for the filing of the tax duplicate for 1992 assessments with the county board of taxation.
In each of the within tax years the taxpayer had 45 days within which to respond to the assessor’s respective chapter 91 requests. Had the taxpayer furnished the information requested, obviously, the assessor could not have utilized the data to aid her in determining the correct valuation of this property prior to January 10 of each respective year. Therefore, I *597 conclude that the notices sent in each of the above instances was not for the purpose of securing data to aid the assessor to determine the full and fair value of the subject property as envisioned by N.J.S.A. 54:4-34.
I further find that the township’s argument to justify its late notice, to wit, that the data may be useful to enable the assessor to adjust her assessment by filing an assessor’s appeal is without merit. Clearly, the Legislature did not intend that N.J.S.A. 54:4-34 be used as a discovery tool “after the fact.” As Judge Rimm stated in Terrace View Gardens v. Dover Tp., supra, “The purpose of N.J.S.A. 54:4-34 is to assist the assessor, in the first instance, to make the assessment and thereby hopefully to avoid unnecessary expense, time and effort in litigation.” 5 N.J.Tax at 471-472; emphasis added.
It is the conclusion of this court that an assessor’s chapter 91 demand should be made within sufficient time for the taxpayer to utilize the full 45-day response period allotted to it under the statute and that failure to do so precludes application of the statute’s severe sanction of the denial of administrative or judicial review of the tax assessment. Compare S A I J Realty, Inc. v. Kearny, 8 N.J.Tax 191 (Tax 1986) (Where assessor’s notice failed to comply strictly with the requirements of N.J.S.A. 54:4-34, taxpayer’s failure to respond does not preclude a judicial review of its tax assessment.)
Because the assessor’s requests for income data for the 1991 tax year and the 1992 tax year, respectively, were not mailed within sufficient time for the assessor to receive from the taxpayer, within the 45-day statutory-response period allotted, the relevant data necessary to aid the assessor to determine the proper assessment of the property for the tax years involved, I conclude that the strict requirements of N.J.S.A. 54:4-34 have not been met, therefore, the taxing district’s motions to dismiss taxpayer’s 1991 and 1992 complaints are denied.

 The delivery date on the receipt in evidence is blurred.

 Land assessed and taxed under the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq.