DOUGHERTY, J.T.C.
The Issue: The issue for decision is when must a request for information regarding income-producing property be received by a taxpayer so as to constitute an assistance to a municipal assessor and satisfy the requirements of N.J.S.A 54:4-34.

The Facts:

Wayne Township (the municipality) brings this motion to dismiss taxpayer’s complaint pursuant to N.J.S.A. 54:4-34.
By letter dated October 6, 1992, the municipality’s chief tax assessor (the assessor) requested income and expense information (the notice) from John Hancock Mutual Life Insurance Company (the taxpayer). The assessor, in her certification filed in support of the within motion, states that the request was sent by certified mail, return receipt requested, on or about October 6, 1992. Annexed to the assessor’s certification is a certified mail receipt, which shows a September 30, 1992 postmark. The taxpayer acknowledges receipt of the notice; nevertheless, the taxpayer failed to provide any income information within 45 days as required by the statute, or otherwise respond to the notice.
The municipality’s notice was contained in a one-page letter which requested the taxpayer to provide “current income and *420 expense data” for its property and to submit actual leases and/or rent rolls relating to the property at issue. Alternatively, the taxpayer was given the option of providing the requested information on a form enclosed with the notice.
The letter notified the taxpayer of the potential consequences of failing to comply with the request. In particular, it provided that “(i)n the event that you do not furnish this information within the prescribed time period, you may be precluded from filing an appeal challenging the assessment of the property.” The “prescribed time period” referenced was “within 45 days from the date of this letter.” In addition, the notice quoted N.J.S.A. 54:4-34. The provision, blocked and in smaller print, was set apart from the remainder of the letter. Finally, the notice directed “(i)f you have any questions regarding this request, or need clarification relating to the information sought, please contact this office for further assistance.”

Discussion of the Law:

The taxpayer contends that the assessor’s request for information, made as of October 6, 1992 and returnable November 20, 1992, was untimely as the information requested could not have been utilized by the assessor in determining the assessment for the 1992 tax year. The taxpayer insists that Delran Holding Corp. v. Delran Tp., 8 N.J.Tax 80, 85 (Tax 1985), requires the assessor’s request be made in time for the assessor to “receive the necessary information prior to the critical assessing date.”
The municipality claims the statute merely requires the assessor to look at the status of the property as of October 1 of the pre-tax year (i.e., in the within matter, October 1,1992). The assessment, the municipality asserts, does not have to actually be completed until January 10 of the tax year (i.e., in the within matter, 1993). Consequently, if the taxpayer complied with the assessor’s request of October 6, 1992 within the 45-day time period, the assessor would have had the income information well before the January 10 deadline. The municipality adds that the information could have *421 assisted the assessor in setting the 1993 assessment and, thus, the purposes of N.J.S.A. 54:4-34 would have been met.
A tax assessor is required to “determine his taxable valuations of real property as of October 1 in each year and [to] complete the preparation of his assessment list by January 10 following____” N.J.S.A. 54:4-35 (emphasis added). The purpose of N.J.S.A. 54:4-34 is to assist the assessor in making the assessment and to diminish-the likelihood of litigation. Terrace View Gardens v. Dover Tp., 5 N.J.Tax 469, 471-72 (Tax 1982), aff'd, 5 N.J.Tax 475 (App.Div.1983).
In Delran Holding Corp. v. Delran Tp., 8 N.J.Tax 80 (Tax 1985), the municipality’s motion to dismiss taxpayer’s complaint was denied where the assessor did not request the information until after the taxpayer filed his complaint.[1] Appropriately, Judge Lario reasoned that even if the taxpayer complied with the request, the information could not have assisted the assessor in determining the assessment. In denying the motion, the judge concluded that the request was tantamount to a discovery request and subject to the discovery rules.
Recently, Judge Lario denied a municipality’s motions for summary judgement for failure to provide income and expense data. In that case the property was to be valued as of October 1, 1991. See Westmark Partners v. W. Deptford, 12 N.J.Tax 591, 595-96 (Tax 1992). The tax assessor requested the information on February 1, 1992 relative to the 1992 tax year assessment. On March 13, 1992, the taxpayer filed a direct appeal with the Tax Court. The 45-day compliance period expired on March 19, 1992.[2] After *422 reviewing the statutory provisions governing assessments, Judge Lario concluded that the assessor must request the information in time to receive the information by January 10 of the applicable year. Id. 595-96 (citing N.J.S.A 54:4-23, -35, -46, -47, -55); cf. Delran Holding Corp. v. Delran Tp., 8 N.J.Tax 80, 83 (Tax 1985) (indicating that it is necessary to receive the information prior to the critical assessing date of October 1). Since the information could not be used by January 10 to determine the assessment, the municipality’s motions were denied. Westmark Partners v. W. Deptford, supra, 12 N.J.Tax at 597.
Clearly, N.J.S.A 54:4-23 requires that the assessor determine the value of property as of October 1 preceding the tax year. However, the assessment is not required to be completed until January 10 of the current tax year. See N.J.S.A 54:35-1. The October 1 “critical assessing date” is merely a valuation date.
The purpose of N.J.S.A 54:4-34 is to assist the assessor in making the assessment and to diminish the likelihood of litigation. Terrace View Gardens v. Dover Tp., supra, 5 N.J.Tax at 471-72. To advance the purpose of N.J.S.A 54:4-34, the assessor’s request must be timely, so that upon its receipt, the assessor can utilize the information by January 10. A taxpayer must show that the information could not have been used by the assessor in completing the assessment by January 10 to defeat a motion to dismiss for failure to provide income information.
In this case, the assessor sent the request to the taxpayer as of October 6, 1992. The 45-day compliance period expired on November 20, 1992. If the taxpayer complied with the request, the assessor undoubtedly could have considered the data in calculating the assessment.
In conclusion, the taxpayer has offered no reasonable explanation for ignoring the assessor’s request for income informa *423 tion. The municipality requested the information in a timely manner and the taxpayer was notified of the potential consequences of noneompliance. As Judge Rimm wrote “refusals on the part of the taxpayer to cooperate with local property tax assessors cannot be tolerated by this court.” Terrace View Gardens, supra, 5 N.J.Tax at 474.
For the foregoing reasons and subject to a possible reasonableness hearing, as required by Ocean Pines, Ltd. v. Pt. Pleasant Bor., 112 N.J. 1, 547 A.2d 691 (1988), defendant’s motion to dismiss plaintiffs complaint is granted. Counsel for defendant will submit the necessary form of order.

 Taxpayer’s direct appeal in Delran was filed on August 6, 1984 for the 1984 tax year. The "critical assessment date" was, therefore, October 1, 1983 and the municipality was required to complete its list by January 10, 1984. The municipality’s request was made September 24, 1984.

 The taxpayer in Westmark had also filed a direct appeal for the 1991 tax year (filing date—July 18, 1991). The municipality mailed a request with respect to tax year 1991 on June 17, 1991. The 45-day response period expired on August 2, 1991. The "critical assessing date” was, accordingly, October 1, 1990. The *422 municipality was required under the statute to complete its list by January 10, 1991. The municipality's motions for tax years 1991 and 1992 were consolidated. Westmark Partners v. W. Deptford, 12 N.J.Tax 591, 592 (Tax 1992).