PER CURIAM.
Plaintiff Southeast Mall appeals from a summary decision of the Tax Court dismissing its complaint alleging that a tax assessment on' its property located in the Township of Berkeley, Block 837, Lot 1, was excessive of true and assessable value. Based upon certifications filed by each party, the Tax Court judge concluded that plaintiff had failed to comply with the tax assessor’s request that plaintiff provide an income and expense statement as required by N.J.S.A. 54:4-34 and did not provide good cause for its failure to comply with the assessor’s request pursuant to the same statute. We affirm.
From the certifications presented, the judge correctly concluded that the assessor, by certified mail, requested plaintiff to provide an income and expense statement within forty-five days. When the certified mailing was returned as “refused” on May 19, 1997, the assessor placed in the ordinary mail, with the correct postage affixed, another request for an income and expense statement together with a copy of N.J.S.A. 54:4-34. The tax assessor’s letter was not returned.
In response to the Township’s motion to dismiss plaintiffs appeal, defendant filed a certification of its business agent attesting that during the fifteen preceding years it had timely responded to all similar requests by the assessor. It contended that based on its prior habit, it responded in the same manner in 1998. Despite the certification, plaintiff was unable to produce any document to substantiate its contention.
Judge Francine I. Axelrad concluded that plaintiffs certification did not raise a material issue of fact which would necessitate a plenary hearing. We agree. See Summerton Plaza v. Manalapan Tp., 15 N.J. Tax 173, 176 (Tax 1995) (citing Ocean Pines Ltd. v. Borough of Pt. Pleasant, 112 N.J. 1, 547 A.2d 691 (1988)).
Affirmed.