ANDRESINI, J.T.C.
This is the court’s opinion with respect to Defendant’s motion for dismissal. Plaintiff 440 Rt 17 Ptrns LLC (“Plaintiff’) filed a complaint attacking the assessment for property located at 440 Route 17 North in Hasbrouek Heights, designated as Block 125.05 Lot 34 (the “Subject Property”) against the Borough of Hasbrouek Heights (“Defendant”). Defendant’s motion to dismiss is based on Plaintiffs failure to comply with a Chapter 91 request pursuant to N.J.S.A. 54:4-34 (“Chapter 91”). Plaintiff alleges that its non-response was excused for Defendant’s failure to make the request 45 days before the January 10 deadline imposed by N.J.S.A. 54:4-35. See Westmark Partners v. Township of West Deptford, 12 N.J.Tax 591 (Tax 1992). For the reasons set forth below, Defendant’s motion to dismiss is denied.

Procedural History and Findings of Fact

The Subject Property is income-producing commercial property assessed at $2,229,100 for the 2014 tax year. A Chapter 91 request for income and expense information to be used to deter *243 mine the 2014 tax year assessment was “dispatched” by the Tax Assessor, George M. Reggo (the “Assessor”), on November 22, 2013, according to the his amended certification. A review of the United States Postal Service records indicates that the request was not actually received by the United States Post Office until November 29, 2013. Mr. Reggo certified the delay was caused by the need to compile all of Defendant’s requests and affix each of the required return receipt forms.
The certified mail return receipt (the “green card”) indicates that the request was not received by Plaintiff until December 2, 2013. Plaintiff did not respond to the request. The November 29 mailing date (and therefore the December 2, 2013 date of receipt) was too late to allow for the entire statutory 45-day response period under N.J.S.A. 54:4-34 to elapse prior to the January 10 deadline imposed by N.J.S.A. 54:4-35 on which assessors are required to submit their book of assessments for the tax year.
Despite the January 10 statutory deadline, the Assessor did not submit the Tax Assessment List for the Borough of Hasbrouck Heights (the “Assessment List”) until February 26, 2014. His certification states he received permission from the Bergen County Board of Taxation to make a late filing. Defendant’s counsel stated during oral argument that permission was granted by the Bergen County Tax Administrator. Neither allegation is supported by any evidence, which counsel concedes does not exist. It does not appear from the record that the public was given notice that the Assessment List was to be submitted late; nor was the public made aware of whether any authority gave its permission for doing so. The record does not show that permission for an extension was granted in accordance with N.J.S.A. 54:4-37 as no minutes or other record of a proceeding of the Bergen County Board of Taxation have been brought to the attention of this court.
The Assessor also certified that had Plaintiff provided responses to the Chapter 91 request within the 45-day statutory period, and had such responses warranted an adjustment in the assessment, he would have had sufficient time to make an adjustment, if warranted, prior to submission of the Assessment List. Defen *244 dant also points out that assessors often make late submissions of the Assessment Lists. In support, Defendant provided the court with a list of municipalities which submitted their 2014 assessment lists late.

Conclusions of Law

N.J.S.A. 54:4-34 states:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fan- value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
Dismissal of the taxpayer’s complaint is proper where the taxpayer fails to provide the requested information. Southeast Mall v. Township of Berkeley, 18 N.J.Tax 326 (App.Div.1999). According to the Statement, dated January 26, 1978, annexed to Finance and Appropriations Committee revision of Senate Bill 309, Leg. Sess. of 1979, the 45-day response requirement “is necessary to provide for an orderly procedure.” Hastings Plaza v. Township of Washington, 17 N.J.Tax 165, 168 (Tax 1998). Though it is a harsh remedy, dismissal is appropriate because Chapter 91 was designed as a measure to conserve resources and avoid litigation; by providing the municipality with the best possible information on which to make an assessment. See Terrace View Gardens v. Township of Dover, 5 N.J.Tax 469, 472 (Tax), aff'd per curiam o.b., 5 N.J.Tax 475 (App.Div.1982), certif. denied, 94 N.J. 59, 462 A.2d 165 (1983). The preclusion of an appeal, except in limited circumstances, is proper, or else “any valuation prepared by the assessor would be at best an interim [8] one, of use only until the taxpayer complies with the request for income and expense infor *245 mation.” Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 7, 547 A.2d 691 (1988). Thus, dismissal avoids wasting the assessor’s valuable time and resources and properly places the burden on the property owner to assist the assessor in the first instance. Ibid. There is no procedural due process violation resulting from dismissal. Id. at 9-10, 547 A.2d 691.
N.J.S.A. 54:4-35 states that assessment lists must be submitted by January 10 of the applicable tax year. That deadline has been observed by courts in calculating when Chapter 91 requests must be made. See New Plan Realty Trust v. Township of Brick, 23 N.J.Tax 225, 232-33 (Tax 2006); John Hancock Mut. Life Ins. Co. v. Township of Wayne, 13 N.J.Tax 417 (Tax 1993); Westmark, supra, 12 N.J.Tax at 596. In order for an extension to be granted in compliance with the statute, it must be granted in a formal proceeding of the county board of taxation. See N.J.S.A. 54:4-37 (creating penalties if the assessor fails to file within the time “prescribed in section 54:4-35[ ]or within such further time as the board may allow ” (emphasis added)).
The central purpose of N.J.S.A. 54:4-34 is to provide assessors with an avenue for obtaining “relevant information to aid them in determining by way of the income approach the assessment to be levied.” Delran Holding Corp. v. Township of Delran, 8 N.J.Tax 80, 83 (Tax 1985). In Delran, the court refused to grant the motion to dismiss because the request was made after the assessor received the complaint. It was not possible for the information to be used to formulate an assessment which had already been entered. Ibid. However, the fact that a complaint has not yet been filed does not decide the issue. See Westmark, supra, 12 N.J.Tax 591. Judge Lario wrote, in adopting the amendment to N.J.S.A. 54:4-34 in 1979, “the Legislature obviously intended that the income data be sought prior to setting assessments to be forwarded to the county boards.” Id. at 596. Had the taxpayer responded in exactly 45 days to the requests which were furnished after January 10 of the tax years appealed, “the assessor could not have utilized the data to aid her in determining the correct valuation of [the] property prior to January 10 of each respective year.” Ibid. As a result, the requests could not have been sent *246 for the statutory purpose of obtaining assistance in determining the assessment and could not have been for a purpose contemplated by N.J.S.A. 54:4-34. See id. at 597. Chapter 91 requests cannot be used as a discovery tool to help the assessor defend the against the appeal. Ibid. (citing Delran, supra, 8 N.J.Tax at 83-84; Terrace View, supra, 5 N.J.Tax at 471-72 (“The purpose of N.J.S.A. 54:4-34 is to assist the assessor, in the first instance, to make the assessment____”)). The fact that responses were not required in time for the assessor to use them in setting the assessment rendered them deficient. Ibid. Dismissal was not warranted since the taxpayer did not have the entire 45-day period to respond to the request. Ibid.
It is therefore well settled in this state that Chapter 91 requests not made at least 45 days in advance of January 10, pursuant to N.J.S.A. 54:4-35 and West-mark, supra, are defective because the response would not be required by the deadline for submission of the assessment list. By failing to do so, Plaintiff argues, Defendant did not strictly comply with the terms of the statute. The request was made, at the earliest, on November 29, 2013. The deadline for submission of the Assessment List was January 10, 2014. It was not actually submitted until February 26, 2014. The issue presently before the court — an issue of first impression — is whether a defect exists in the Assessor’s Chapter 91 request, excusing the taxpayer’s non-response and precluding dismissal of its complaint, where the request is made 45 days before actual submission of the Assessment List, but less than 45 days prior to January 10. The court answers in the affirmative.
Generally, a taxpayer must respond to a Chapter 91 request and may not simply stand by and wait to challenge the assessment via appeal. Tower Ctr. Assocs. v. Township of East Brunswick, 286 N.J.Super. 433, 438-39, 669 A.2d 829 (App.Div.1996). In Cassini v. City of Orange, Judge Small discussed two lines of cases the Tax Court has used to analyze Chapter 91 issues. Cases discussing the obligations of the property owner include Terrace View, Ocean Pines, and Tower Ctr. Assocs., which require that the taxpayer provide the requested information unless there is a “good cause excuse” for failing to do so. 16 N.J.Tax 438, 444-45 *247 (Tax 1997). Those cases appear to deal with a taxpayer’s failure to answer where there is no defect in the assessor’s request— those opinions describe those requests as “proper” or “legitimate.”
The second line of cases, discusses the assessor’s obligations. Id. at 446-50. Where there is a defect in the request, dismissal is usually precluded. Southland Corp. v. Township of Dover, 21 N.J.Tax 573, 585 (Tax 2004); see also Cassini, 16 N.J.Tax at 453 (“A property owner that receives a Chapter 91 request for which a response is impossible, or for which it is unclear what response is being sought, may not have its appeal dismissed for failure to timely respond to such a request.”). Defects generally result from the municipality’s failure to comply strictly with the terms of the statute, failure to clearly make the request, or failure to satisfy the purpose of the statute. See Fairfield Dev. v. Borough of Totowa, 27 N.J.Tax 306 (Tax 2013) (defect results from the assessor’s failure to include a current copy of the statute as amended, even if the amendment only made minor changes to the statute); Paramus Associates, LLP/Home Depot, USA, Inc. v. Borough of Paramus, 27 N.J.Tax 274, 285-86 (Tax 2013) (defect results from the assessor’s failure to clearly indicate information requested where the description on the form excludes certain areas and information regarding those areas was not separately requested); Town of Phillipsburg v. ME Realty, LLC, 26 N.J.Tax 57, 68 (Tax 2011) (defect resulting from the assessor’s ambiguous description of information sought); Green v. City of East Orange, 21 N.J.Tax 324, 332 (Tax 2004) (defect resulting from municipality’s inability to demonstrate the request was actually delivered to the taxpayer); Tri-Martin Associates II, LLC v. City of Newark, 21 N.J.Tax 253 (Tax 2004) (defect exists where the request is made by a revaluation company hired by the municipality and not the assessor, since the company did not demonstrate to the taxpayer that it was acting on the authority of the assessor); Cassini, supra, 16 N.J.Tax at 453 (defect results from assessor’s failure to use “clear and unequivocal” language in describing the nature of the information sought); Westmark, supra, 12 N.J.Tax at 597 (Tax 1992); SAIJ Realty Inc. v. Towm of Kearny, 8 N.J.Tax 191, *248 197 (Tax 1986) (defect exists where the assessor fails to include the current statute with the request); Delran, supra, 8 N.J.Tax at 83-84; cf. ML Plainsboro Limited Partnership v. Township of Plainsboro, 16 N.J.Tax 250, 260 (App. Div.) (taxpayer’s inadequate response was sufficient to preclude dismissal because the assessor’s request was not clear), certif. denied, 149 N.J. 408, 694 A.2d 194 (1997). Though it would be prudent for taxpayers to respond to improper Chapter 91 requests, their failure to do so should not result in automatic dismissal because the municipality’s obligation to conform with the requirements of the statute are “at least as compelling” as the taxpayer’s obligation to respond. See Cassini, supra, 16 N.J.Tax at 453. Clearly, the central purpose of the statute — assisting the assessor — was not the only consideration made in these cases.
If nothing else, those eases stand for the principle that in certain circumstances in which a defective request exists, the statute’s intention that taxpayers must assist the assessor in generating an assessment must give way to other important considerations, including the municipality’s acting in good faith, the duty to make a clear request, and “orderly procedure.” In all these cases, even though it would have served the “assist the assessor” purpose to dismiss the complaints, those other considerations precluded dismissal. It appears, therefore, that the primary question in this analysis is whether the assessor met all of the statutory requirements, such that the assessor’s failure excuses the taxpayer’s failure to satisfy its own statutory obligations. While perhaps not stated expressly in those terms, the above-cited cases certainly stand for that proposition. Though the Cassini opinion appears to analyze the validity of a dismissal based on whether the taxpayer provides any response, id. at 451-52, the final two paragraphs of Judge Small’s analysis, the cases cited therein, and subsequent opinions analyzing this issue appear to support the court’s decision to first ask whether there was a defect in the assessor’s request before moving on to the sufficiency of the taxpayer’s response. See also, James-Dale Enterprises v. Town *249 ship of Berkeley Heights, 26 N.J.Tax 117, 126-27 (Tax 2011).[1] Of course, it would be prudent for the taxpayer to respond to a defective request, as failing to do so runs the risk that no defect will be found, resulting in dismissal.
A municipality’s failure to comply strictly with the terms of the statute violates the “square corners doctrine” and precludes application of the remedy it seeks, notwithstanding the taxpayer’s failure to comply with the request. See Westmark, supra, 12 N.J.Tax at 597. Because the requirements of the statute are mandatory on the taxpayer, the requirements for the municipality and the assessor must also be mandatory. SAIJ Realty, supra, 8 N.J.Tax at 196.
Applying that strict deadline, and based on its reading of the above-cited cases and the applicable statutes, the court holds that a deficiency still exists where a Chapter 91 request is made more than 45 days in advance of the actual submission of an assessment list, but less than 45 days in prior to the statutory filing deadline of January 10.[2] Such a request does not comply with the purpose *250 of the statute. Though, apparently, the Assessor was allowed to make a late submission, there was no formal* *[3] extension granted by the Bergen County Board of Taxation which was relayed to the public. Therefore, the applicable deadline to this case is January 10, 2014. The fact that the Assessment List was actually submitted later is irrelevant.[4]
In this case, the request should have been made by November 26, 2013. Though the request letter is dated November 22, 2013, it was not received by the United States Postal Service until November 29, 2013. The court declines to find that the request was actually made on November 22, since doing so would allow assessors to date their requests and place them in the mail weeks later, severely cutting down on the 45 days the taxpayer has to respond. That would be unfair. Though no court has definitively held whether the date of mailing or the date of receipt starts the 45-day clock for the taxpayer’s response, in this case, both of those dates fall beyond November 26. Thus, the defect here is *251 that at the time of the Chapter 91 request, there were not 45 days for Plaintiff to respond before the Assessment List was due. Defendant’s motion must therefore be denied.
Uniform treatment of parties is of ample importance in the realm of Chapter 91 given the rigid interpretation of the requirements. In many areas within its jurisdiction, the Tax Court holds plaintiffs and defendants alike to strict statutory deadlines and often requires them to meet strict statutory requirements. Indeed, treatment of Chapter 91 requirements is no different. There is rarely an acceptable excuse for a Plaintiffs failure to answer within 45 days to a proper request. See generally, Hastings, supra, 17 N.J.Tax 165. Likewise, defendants are held to the 180-day filing requirement to make the motion to dismiss for failure to respond except in limited circumstances involving fraudulent responses. See R. 8:7(e); Lucent Technologies, Inc. v. Township of Berkeley Heights, 201 N.J. 237, 247-248, 989 A.2d 844 (2010) (granting the motion to dismiss after applying R. 8:7(e)’s exception for fraudulent responses); Paulison Ave. Assoc. v. City of Passaic, 18 N.J.Tax 101 (Tax 1999). The parties have not offered any convincing reason why the January 10 deadline should not also be treated in this manner.
Defendant’s arguments in favor of dismissal are unavailing. Though Defendant is correct in stating that its interpretation would serve the purpose of the statute — assisting the assessor — its argument fails because it requires the court to ignore other considerations. There simply is no basis for requiring this court to maintain rigid adherence to that purpose in light of the other considerations which are present here. The eases cited herein each demonstrate that such rigid adherence is not required in light of a defective request where “orderly procedure” and the “square corners” doctrine would be violated.
In this ease, those considerations prevail. The remedy which Defendant seeks — dismissal—is an obviously harsh one. The only remaining proceeding available to a non-responding taxpayer is a hearing to determine the “reasonableness of the valuation based upon the data available to the assessor.” Ocean Pines, supra, 112 *252 N.J. at 11, 547 A.2d 691. Because these limitations materially affect taxpayers’ rights in these situations, courts are reluctant to grant Chapter 91 motions unless the municipality and the assessor can demonstrate that they strictly complied with the requirements of the statute. J & J Realty Co. v. Township of Wayne, 22 N.J.Tax 157, 163 (Tax 2005) (citing Great Adventure, Inc. v. Township of Jackson, 10 N.J.Tax 230 (App.Div.1988)). Such compliance is necessary given the Supreme Court’s requirement that “in dealing with the public, government must turn square corners.” F.M.C. Stores, Co. v. Borough of Morris Plains, 100 N.J. 418, 426, 495 A.2d 1313 (1985) (citations omitted).
[Statutory provisions governing substantive standards and procedures for taxation, including the administrative review process, are premised on the concept that government will act scrupulously, correctly, efficiently, and honestly. It is to be assumed that the municipality will exercise its governmental responsibilities in the field of taxation conscientiously, in good faith and without ulterior motives.
[Id. at 427, 495 A.2d 1313.]
“The defendant municipality cannot seek to close the door of tax appeals until it has given property owners fair notice of their obligations in the Chapter 91 requests.” Cassini, supra, 16 N.J.Tax at 450.
Defendant argues a timely response by Plaintiff would have allowed the Assessor to use the information in making the assessment because the Assessment List was not submitted until February 26, 2014. That supposedly conforms with the purpose of the statute. Defendant’s position here is similar to that of the plaintiff’s in Hastings Plaza, supra. There, the plaintiff did not provide Chapter 91 responses until 69 days after the assessor mailed the request. 17 N.J.Tax at 167. The plaintiff tried to argue that the response was submitted with sufficient time for the assessor to use it prior to the January 10 submission deadline, which fulfilled the purpose of the statute, but the court was not convinced. Judge Kuskin held that the delay impairs the “orderly procedure” which was the intent of imposing the 45-day time limit. Id. at 171. He also noted the difficult and arbitrary nature of determining which late requests would be excused from the requirement and which would not. That determination would otherwise be based on the length of the delay and whether there *253 was actual prejudice. Thus, the dismissal was proper. Id. at 171-73. Similarly, the Appellate Division affirmed a dismissal based on a delayed response on the grounds that “statutory time requirements be uniformly enforced.” Pierce Davidson Associates v. Township of Franklin, 15 N.J.Tax 709, 711 (App.Div.1996).
Here, “[the municipality] seeks to hold plaintiff to a scrupulous observance of plaintiffs responsibility under the law and to punish plaintiffs noncompliance by invoking the ultimate sanction, namely, denial of judicial review of plaintiffs assessment. This is unfair.” SAIJ Realty, supra, 8 N.J.Tax at 197. “[If] ‘[m]en must turn square corners when they deal with the government,’ it behooves government to behave with corresponding rectitude toward its citizens.” Ibid. (citing Rock Island, Arkansas & Louisiana R.R. Co. v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920)) (citations omitted). In other words, a deficiency in the municipality’s chapter 91 requests precludes dismissal based on the taxpayer’s non-compliance. The unfairness resulting in the deficiency in this case flows from the late submission date, lack of notice to the public, and the subsequent decision to enforce that date against the taxpayer. It can hardly be said Defendant observed “corresponding rectitude” here.
In moving the deadline in a manner not prescribed by the statute, Defendant did not act in good faith or duty to deal fairly with the public. Board approval is necessary to put the public on notice that the deadline was moved. While this court does not hold that municipalities may never obtain relief, even by valid board action, from the January 10 deadline imposed by N.J.S.A. 54:4-35 for the purpose of Chapter 91 requests,[5] it would also be contrary to the Legislature’s “orderly procedure” intent for this court to accept that extensions can be allowed in such an arbitrary and, indeed, improper manner as occurred here.
The policy considerations in this case are of paramount concern to this court. It would hardly serve a legitimate purpose for this court to allow assessors such broad powers to change the submis *254 sion deadline in a manner not prescribed N.J.S.A. 54:4-37, for the purpose of Chapter 91 requests. The court declines to find such a loophole exists in N.J.S.A. 54:4-34 or -35. While Defendant is also correct in stating that Westmark does not establish January-10 as a firm deadline by which Chapter 91 responses must be due, and this court does not rule on that issue today, Defendant’s argument misses the thrust of that opinion. Judge Lario stated:
[T]he assessor, in the context of his administrative function of levying annual property assessments based upon an income producing property’s October 1 pretax year valuation, must request the income data permitted under chapter 91 within time for it to be incorporated in his determination of the correct assessments to be submitted to the county board by January 10 of the tax year. By adoption, in 1979, of the chapter 91 amendment ... the Legislature obviously intended that the income data be sought prior to setting assessments forwarded to the county boards.
[Westmark, supra, 12 N.J.Tax at 596.]
Though Judge Lario did not expressly contemplate whether an extension of the deadline could be granted, and if so, how it would affect Chapter 91 requests, the better interpretation of his opinion is that the 45-day period must run before the deadline, not the actual date of submission. See John Hancock, supra, 13 N.J.Tax at 422. Though it may not be apparent that Judge Lario intended a specific date as a firm deadline, he clearly intended that the request be made in time for a response to be due prior to the deadline. This is evident considering his many references to the “deadline” for submission, not the actual date of submission. He obviously intended to narrow the time period by which requests could be made, not broaden it as Defendant seems to propose. Defendant’s position would render the opinion illusory since otherwise the assessor could simply move the date for submission at his leisure.
A holding in favor of Defendant would allow submission dates to remain a mystery and would prevent attorneys from providing their clients with effective advice. Even imposing a duty of diligence on attorneys to investigate whether an extension was granted would not solve this problem because the board would have no record of same. Taxpayers and their attorneys have a right to rely on January 10 as the deadline for submission of the assessment lists. If an extension is permitted, it should be made *255 public knowledge. The court cannot permit an interpretation allowing assessors to avoid the deadline imposed by the statute and then accept otherwise late Chapter 91 requests as valid. That simply cannot be the way the Legislature intended for this scheme to operate in adopting it. The better interpretation is that there is a defect per se in a Chapter 91 request where, at the time the request is made, there are fewer than 45 days until the deadline for the submission of the assessment list.
This interpretation better serves the “orderly procedure” purpose of the statute. Requiring extensions to be obtained from the county board means that there will be a public record and that attorneys exercising diligence will be able to determine whether an extension was granted. It also satisfies the “square corners” doctrine in that the public is put on notice of the change. In doing so, it eliminates the fundamental unfairness which exists when the assessor makes a late submission inconsistent -with the statute and then the municipality seeks to dismiss a plaintiffs complaint when the plaintiff failed to provide the requested information. Of course, it would be advisable that taxpayers always respond to the request, regardless of the defect, see Southland Corp., supra, 21 N.J.Tax at 585; Cassini, supra, 16 N.J.Tax at 453, but a failure to do so cannot result in a dismissal of the taxpayer’s complaint in light of the municipality’s failure to comply with the statute.
The court is not moved by Defendant’s argument that this practice occurs in multiple municipalities. The defect resulting from the assessor’s late submission and failure to obtain a formal extension is not cured by the fact that it may be common practice among assessors to make late submissions, as Defendant’s counsel suggests. The court is not attacking the validity of these assessments. The court is simply saying that should an assessor choose to engage in this practice, which is not consistent with the statute, the municipality loses the ability to dismiss the complaint of a taxpayer where the request to that taxpayer was made less than 45 days before the statutory deadline. While the court is mindful that it is the purpose of the statute to require taxpayer compliance in assisting the assessor in meeting an assessment deadline, *256 Delran, supra, such purpose does not excuse a defect in the assessor’s request.

Conclusion

For the aforementioned reasons, Defendant’s motion for dismissal is denied.

 "Was there a defect in the assessor's request?" is apparently the first question to be asked, based on the opinions which analyze the validity of Chapter 91 requests. The court’s understanding of those analyses is that the aforementioned question should be placed ahead of the framework established by Judge Kuskin in TMC Properties v. Borough of Wharton, which states
[t]he first step is a determination of whether the taxpayer made a sufficient "response” to the assessor’s request within the statutory forty-five day period. The second step is a determination of whether the taxpayer’s failure to furnish, or delay in furnishing, the requested information resulted from "good cause.” This second step is reached, however, only if the county board or the Tax Court finds that the taxpayer made a sufficient response within the forty-five day period.
[15 N.J.Tax 455, 463 (Tax 1996).]
A response is "sufficient” if the taxpayer communicates in "reasonable detail” the reason for the inability to comply. Cassini, supra, 16 N.J.Tax at 445.

 Since it is unwarranted by the facts presented in this case, the court does not hold here that a Chapter 91 request may be made on a later date if the Board formally grants an extension of the deadline. Thus, the court's limits its holding and reasoning to instances in which the record only supports a finding that there was an informal extension for submission by the assessor. The court’s opinion, simply put, is that without an extension formally granted, dismissal for a taxpayer’s failure to comply with a Chapter 91 request is precluded if it is not *250 made while there still is sufficient time for taxpayers to respond by the statutory deadline imposed by N.J.S.A. 54:4-35. This opinion, does not address situations in which there is a formal extension granted by the board and a request is made within 45 days of January 10 but more than 45 days before the formally extended deadline.

 In this opinion, the court uses the term "formal” in reference to an extension which is granted according to the terms of the statute — via board action which results in some record which is available to the public.

 The court does not hold that the Assessment List is invalid. This opinion is not directed at upsetting the proverbial apple cart; it'is recognized, and as Defendant points out, assessors somewhat frequently submit their assessment lists late. The court does not examine the wisdom of that practice here. In 2014, roughly one-third of the municipalities in Bergen County submitted their assessment lists after January 10. The court does not question the validity of those assessments, as doing so could have far-reaching and complicated implications and would not further the interests of justice. Rather, the court merely holds that should assessors continue to engage in the practice of submitting their assessment lists late, and without a formal extension, a request made without enough time for the 45-day statutory period to expire by January 10 is defective. The municipality loses the Chapter 91 motion to dismiss as a weapon in the litigation arsenal. The municipality may not use the late filing as a justification for the late request.

 Nor does the court hold the opposite of this contention either.