NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

TAX COURT OF NEW JERSEY



**Mala Sundar**
  **JUDGE**

R.J. Hughes Justice Complex
P.O. Box 975
25 Market Street
Trenton, New Jersey 08625
Telephone 609.815.2922 x54630
TeleFax:  609.376.3018
taxcourttrenton2@judiciary.state.nj.us

August 9, 2017

Jeffrey C. Massa, Esq.
Garippa, Lotz & Giannuario, P.C.
66 Park Street
Montclair, New Jersey 07042

David Clark, Esq.
Gluck Walrath, L.L.P.
428 River View Plaza
Trenton, New Jersey 08611

Re:   Tyco Electronics Subsea Comm. Inc. v. Borough of Eatontown
      Block 3502, Lot 5
      <u>Docket No. 004993-2017</u>

Dear Counsel:

This opinion decides defendant's motion to dismiss the above captioned complaint, which was filed on grounds plaintiff failed to respond to the tax assessor's request for income and expense information pursuant to <u>N.J.S.A.</u> 54:4-34 (commonly known as Chapter 91).  Plaintiff contends that it did not respond because the Chapter 91 request was confusing since it used the letters "B" and "L" to identify the above captioned property.

For the following reasons also set forth on the record after oral argument, the court finds this alleged confusion, articulated only after defendant's instant motion, does not justify a complete non-response to the Chapter 91 request.  Therefore, the court grants the motion, subject to

*

plaintiff's right to a reasonableness hearing. See Ocean Pines, Ltd., v. Borough of Point Pleasant, 112 N.J. 1, 11 (1988).

**FACTS**

On September 19, 2016 the assessor for defendant ("Borough") mailed by certified mail a Chapter 91 request to plaintiff for income and expense ("I&E") information for the 2015 calendar year. The request included a cover letter, the text of the statute in the body of the cover letter, and an I&E form which sought information for calendar year 2015. The cover letter indicated that a response (within 45 days of receipt) could be filed electronically. A website address was also provided for this purpose.

Above the name and address of the property owner on the cover letter was the notation "NEW B: 3502 L: 5 4B." In the first paragraph of the cover letter, the assessor instructed the property owner to "please find the 'Annual Statement of [I&E]', which is to be filled in for the property whose Block and Lot appears on this letter." The words "block" and "lot" appear in the I&E form, however, were left blank. The street address of the subject property does not appear in the cover letter and was left blank on the I&E form. The cover letter also asked the property owner to contact the assessor's office for "any questions" concerning the Chapter 91 request.

It is undisputed that plaintiff received the Chapter 91 request. It is also undisputed that it did not respond. Plaintiff's justification for non-response, in its opposition to the Borough's motion is that "the Request was unclear and did not properly identify the property for which the information was being requested or the purpose of the request."

In reply to plaintiff's opposition, the Borough's assessor certified that prior to sending his Chapter 91 request, the Monmouth County Board of Taxation had sent plaintiff an identical letter by regular mail, on June 16, 2016 asking for I&E information pertaining to the subject property.

The letter, which contained the assessor's letterhead, signature, and contact information, identified the subject property by spelling out the words "block" and "lot" and also contained its street address. The letter requested I&E information for purposes of setting the 2017 assessment, requested a response within 45 days (either electronically, or by filing paper forms available at the assessor's office), and warned of the loss of the right to appeal the 2017 assessment in cases of non-response. The letter concluded that if plaintiff had "any questions in regard to this request, need clarification relating to the information sought, or would like to speak about [its] 2017 assessment," to contact the assessor's office. Since there was no response to this letter, the assessor sent the September 2016 letter referenced above (and included a reference to the June 16, 2016 letter). The assessor also certified that he had sent a Chapter 91 request on May 6, 2014 to plaintiff which almost mirrored the September 2016 request (except that the I&E form contained a pre-printed label with the subject property's block and lot number as "B:3502 L:5" and the plaintiff's address). Plaintiff's handwritten response included filling out the street address on the I&E form. The Borough argued that these documents belied any claims of utter confusion being asserted by plaintiff.

**ANALYSIS**

N.J.S.A. 54:4-34 requires a property owner to "render a full and true account of" the property owner's "name and real property and income therefrom," if the property is "income-producing." If the owner fails or refuses to respond to a Chapter 91 request, it loses the right to challenge the valuation and assessment on the "income-producing property." Ibid. The property owner's appeal is then limited to a hearing as to whether the assessment was reasonable in light of the available data and methodology used by the assessor. See Ocean Pines, supra, 112 N.J. at 11. "The whole premise of chapter 91 is that the taxpayer is in control of the income information;

3

using the income information is a good, if not the best, measure of value; and if the taxpayer withholds that information, the municipality has no other choice but to set the assessment without the benefit of income information of the subject property." Carriage Four Associates v. Township of Teaneck, 13 N.J. Tax 172, 177 (Tax 1993).

The statute does not provide any exceptions to, or exemptions from, the response requirement. Rather, it only allows for an extension of time to provide the response. See N.J.S.A. 54:4-34 ("The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time."). However, under few circumstances, precedent has permitted escaping the consequences of a non-response, i.e., an appeal being limited to a reasonableness hearing.

Such escape has come at the hands of statutory non-compliance by the defendant, e.g. Tri-Martin Associates II, LLC v. City of Newark, 21 N.J. Tax 253 (Tax 2004) (request was not sent by assessor and therefore did not comply with statute), or on grounds the assessor's information request was vague or ambiguous. See ML Plainsboro Ltd. Partnership v. Township of Plainsboro, 16 N.J. Tax 250 (App. Div.), certif. denied, 149 N.J. 408 (1997) (request for information on "income producing properties" ambiguous); Cassini v. City of Orange, 16 N.J. Tax 438, 453 (Tax 1997) (assessor's requests sought information through December 31st of a calendar year that had not yet ended, noting that the "government must speak in clear and unequivocal language where the consequence of non-compliance [with a Chapter 91 request] is the loss of the right to appeal assessments."). The court noted that "taxpayers . . . should not bear the burden of divining the assessor's intent or purpose in sending a Chapter 91 request." Id. at 456. Further, "[t]he fact that

4

a party may have responded to a similarly imprecise request in a prior year does not obligate that party to respond in subsequent years." Id. at 453.

However, these cases precede the most recent pronouncement by the Appellate Division in Waterside Villas Holdings, LLC v. Township of Monroe, 434 N.J. Super. 275 (App. Div.), certif. denied, 217 N.J. 589 (2014). There, the taxpayer claimed its non-response was because the Chapter 91 request "was not clear and unequivocal" since it had to guess the time period for which the information was sought, and further since the reproduced Chapter 91 statute contained typographical errors. The court unequivocally rejected the notion that a property owner faced with what it views as an ambiguous request from an assessor may simply ignore the request and avoid the appeal-preclusion provision of Chapter 91. It held:

> However, where the taxpayer receives a Chapter 91 request that it deems improper in some fashion, it may not simply ignore its statutory obligation to respond. Rather, the taxpayer must take action to challenge the request within the forty-five day statutory time limit, and to put the municipality on notice of its contention. In any event, the taxpayer cannot just sit by and do nothing until the assessment is finalized, as this taxpayer did, and thereafter seek to appeal the assessment by plenary review. Such conduct results in "unnecessary expense, time and effort in litigation."
>
> [Id. at 283 (citations and quotations omitted).]

The court cautioned that,

> Refusals on the part of taxpayers to cooperate with local property assessors cannot be tolerated by this court. Legitimate requests for information by assessors to prepare assessments are actions which should be encouraged by this court. Taxpayers frequently complain of local property tax assessors and their work. Here the taxpayer had an opportunity to supply to the assessor information pertinent to the assessor's work. It failed and refused to do so without any explanation, and its attitude in failing to even respond to the assessor's legitimate statutory request is inexcusable.
>
> [Id. at 284 (citations and quotations omitted).]

The court noted that the taxpayer has an affirmative duty to "do something" if it believed the Chapter 91 request to be questionable, and such assertion must be done "before the assessment is imposed." Ibid. (quotation omitted). Thus, "plaintiff's failure to respond in any fashion to the assessor's request precluded plaintiff from asserting a 'good cause' claim." Ibid. (citations and quotation omitted).[1]

The court recognized very few exceptions, i.e., very few excuses for a non-response. One is whether the "the request is so egregiously ambiguous in its identification of the property or in the instruction to the taxpayer that due process principles are offended." Id. at 284-85, n.3 (citation omitted). The court cautioned, however, that "[w]e expect that such a case would be rare." Ibid.

Here, plaintiff's claim is that the abbreviations "B" and "L" on the cover letter, absence of a street address on the cover letter, and absence of property identification on the I&E form rendered the Chapter 91 request ambiguous. The court is unpersuaded. First, the cover letter itself asked for information regarding the "block" and "lot" (spelling out these words) appearing on the address portion of the letter. That the address portion abbreviated these words to the letters "B" and "L" does not render the request as falling within the parameters of an ambiguity "so egregious[] . . . that due process principles are offended." Second, this alleged confusion as to what "B" and "L" reference does not justify a non-response under the lower bar favored by plaintiff and previously stated in ML Plainsboro, supra, 16 N.J. Tax at 257 ("if there is room for reasonable doubt as to whether an average owner of an income producing property would understand an assessor's

---

[1] The trial court rulings prior to Waterside, supra, also echoed the requirement for a response. Thus, the Cassini court cautioned: "[t]his is not to say that property owners should ignore the Chapter 91 requests, even where they are improper." 16 N.J Tax at 453. Further, unlike here, the taxpayer in ML Plainsboro, supra, a case plaintiff heavily relies upon, sent a timely response that its properties were "not income producing." 16 N.J. Tax at 254. The court therefore noted that a response that property was not income producing was not "a fail[ure] or refus[al] to respond to the assessor or a 'false or fraudulent' response" under N.J.S.A. 54:4-34. 16 N.J. Tax at 259, 260.

6

request to include a particular kind of information, the benefit of that doubt should be given to the taxpayer"). There is no room for reasonable doubt here. All properties are identified as Block and Lot for purposes of local property tax assessments. All property owners in the Borough, regardless of sophistication in property tax matters, are annually mailed a notice of assessment specifically addressing their property by block and lot. Thus, the meaning of the abbreviations "B" and "L" could not be lost on a property owner, especially within the context of a Chapter 91 request where the included statute and cover letter specifically reference matters of local property taxation and assessment while also demanding information pertaining to "the property whose Block and Lot appears."

Plaintiff's argument that it could not possibly know which property the I&E form was referencing in the absence of a pre-printed or stamped Block and Lot identification on that form, is likewise specious. The I&E form was not mailed separately but was accompanied by the cover letter which identified the subject property. Further, plaintiff owned only one property in the Borough, the Subject. There could not have been any credible chance for the alleged confusion under these circumstances.

Third, if plaintiff was so unsophisticated that it could not fathom what "B" or "L" stood for, or why the request referenced the June 16, 2016 letter (which spelled out the words "block" and "lot") it could have contacted the assessor instead of waiting to make this assertion after filing its complaint, and then in response to the Borough's motion. Waterside, supra, clarifies that absent extreme circumstance, an allegedly confused taxpayer must respond in some fashion or seek guidance from the assessor as to the Chapter 91 request. 434 N.J. Super. at 284. Plaintiff did neither.

Given the Appellate Division's unequivocal holding that a property owner must "do something" in response to an assessor's information request "before the assessment is imposed to avoid the statutory bar to appeal embodied in N.J.S.A. 54:4-34," Waterside Villas, supra, 434 N.J. Super. at 284, the Borough's motion must be granted in light of this court's finding that the use of the letters "B" and "L" in the assessor's Chapter 91 request as the property's identifiers is not egregiously ambiguous so as to offend due process notions.

**CONCLUSION**

For the aforementioned reasons, the Borough's motion is granted in part since plaintiff is entitled to a reasonable hearing pursuant to Ocean Pines, supra. An Order reflecting this opinion will be simultaneously entered.

Very Truly Yours

Mala Sundar, J.T.C.

8