**NOT FOR PUBLICATION WITHOUT APPROVAL OF**
**THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



MALA SUNDAR
PRESIDING JUDGE

Richard J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
609 815-2922, Ext. 54630 Fax 609 376-3018

May 21, 2021

Daniel Ryan Kanoff, Esq.
Blau & Blau,
Attorneys for Plaintiff

James H. Gorman, Esq.
Attorney for Defendant

Re:  Hazbro Realty, Inc. v. Township of Hazlet
Block 166.09, Lot 11
Docket No. 006452-2021

Dear Counsel:

This is the court's opinion deciding defendant's motion to dismiss the above referenced complaint on grounds plaintiff failed to respond to defendant's tax assessor's request for income and expense information pursuant to N.J.S.A. 54:4-34 (commonly known as "Chapter 91") as to the above referenced property (Subject).  Plaintiff's owner contends that the signature on the return receipt (commonly called "green card") is not his, therefore, plaintiff never received the Chapter 91 request.  Defendant (Borough) argues that it did everything the statute requires, and refuting receipt despite clear evidence of delivery to the undisputed address, a P.O. Box, will undo and undermine the plain language of Chapter 91.

Chapter 91 requires a taxing district to request, in writing, the income information of an income producing property, and mail that request by certified mail along with a copy of the Chapter 91 statute. N.J.S.A. 54:4-34.  If the property owner does not respond within 45 days of the request, the right to appeal the property's tax assessment is limited to a hearing on the reasonableness of the assessment. Ibid., Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988).  Since the loss of appeal rights is a harsh consequence, courts do not grant motions to dismiss the complaints liberally.  See e.g. J & J Realty Co. v. Township of Wayne, 22 N.J. Tax 157, 163 (Tax 2005).  Cf. Waterside Villas Holdings,






LLC v. Township of Monroe, 434 N.J. Super. 275 (App. Div. 2014) (property owner must respond and cannot simply rest on litigational arguments of confusion or lack of clarity).

Here, the Borough's assessor initially mailed a Chapter 91 request in May of 2020 to plaintiff's P.O. Box, but by regular mail. When she received no response, she sent another request on September 30, 2020 this time by certified mail, to the same P.O. Box address. She received the green card, which indicated that the mail was received on October 3, 2020. Additionally, the United States Postal Service (USPS) electronic tracking information shows that the mail was "arrived" at the Tennent post office, where plaintiff maintains its P.O. Box, on October 2, 2020, that it was "available for pick up" on the same day, and that it was "delivered" on October 3, 2020 at 10:38 a.m.

Plaintiff does not dispute any aspect of the Chapter 91 request, i.e., the correctness of the mailing address, identification of the property owner and property, the certified mailing receipt, and copies of the contents of the Chapter 91 request. Nor does it dispute the address on the green card, and that the same had a signature acknowledging receipt. It only disputes that the signature on the green card is unknown, therefore, it argues, it did not receive the Chapter 91 request. In this regard, plaintiff included documents such as a lease and responses to the Borough's interrogatories as evidence of plaintiff's owner's signature.

Mail which is properly addressed, stamped, and posted is presumed to be received. SSI Medical Servs. v. HHS, Div. of Medical Assistance & Health Servs., 146 N.J. 614, 621 (1996). This presumption applies to certified mailing also. Waite v. Doe, 204 N.J. Super. 632, 636-37 (App. Div. 1985) ("It is well settled that proof of the correct addressing and due posting of a letter raises the presumption that it was received by the addressee") (citations omitted). This presumption "is rebuttable" so that the court can accept credible evidence that the piece of mail was "never in fact received." SSI, 146 N.J. at 625 (citation and internal quotation marks omitted).

At a plenary hearing, plaintiff's owner testified as follows: he owns about 10-12 properties in New Jersey, all strip shopping centers (similar to the Subject). He receives all mail at the P.O. Box address (to which the Chapter 91 request was sent). He has a business office in Freehold New Jersey from where he conducts business. The office had about four to five employees, one of whom was his secretary, who picked up mail at the P.O. Box (apart from him). After March 2020, due to COVID-19, he let go of his secretary, took back the key she had to the P.O. Box, and thereafter, only he picked up the mail. If he received certified mail or other mail which required acknowledgement, the post office would leave a note in the P.O. Box to this effect, and then he would go to the front area with the note, signed for the mail (often after providing valid identification), and then picked it up. Here, he speculated, the post office may have left the "you have mail to sign" note in some other P.O. Box, and that P.O. Box holder may have signed the green card and picked up the Chapter 91 request. He said this has happened with rent checks sent by his tenants.

When asked about the receipt of the Chapter 91 request sent by ordinary mail on May 20, 2020, plaintiff's owner claimed non-receipt of the same. He stated that if he had received it, he would have sent it to plaintiff's counsel for further action. The Borough's assessor testified that the ordinary mail was never returned as undeliverable. She also stated that she sends Chapter 91 requests to plaintiff every year, and receives responses in some years but not in other years.

The court does not find credible plaintiff's owner's evidence (testimony) as to non-receipt of the certified mail. The P.O. Box has restricted access, as the Borough points out. To claim certified mail, additional steps are required whereby the USPS verifies the mail holder, and then delivers it after obtaining the recipient's signature. It is difficult to believe that this did not occur here. Even if, as plaintiff's owner speculated, the post office placed the "you have mail" notice in a different P.O. Box., it is a stretch to believe that the holder of that P.O. Box would then sign the acknowledgement of receipt

and take plaintiff's mail. This is especially where plaintiff's owner stated that if such a notice belonging to another P.O. Box was placed in plaintiff's P.O. Box, he would alert the post office of this error, thus not take someone else's mail. Additionally, his testimony that he did not receive even the regular mailed Chapter 91 is not believable. There was no proof that he sent the letter to plaintiff's attorney, or that the attorney received the same. While the court is aware that the Chapter 91 request must be sent by certified mail, here, the claim of non-receipt of even the regular mail is used to test credibility of the claim of non-receipt of the certified mail. While the signatures of plaintiff's owner on the documents provided to the court appear to be more legible, the court is not satisfied that an unknown person claimed plaintiff's mail based on a somewhat scribbled signature on the green card.

Under the totality of the evidence, the court is satisfied that the Borough's Chapter 91 request satisfied all of the statutory requirements for sending such request to plaintiff, the same was delivered to and received by plaintiff. Therefore, the Borough "has given the property owner fair notice of the Chapter 91 obligations." Towne Oaks at South Bound Brook v. Borough of South Bound Brook, 326 N.J. Super. 99, 102 (App. Div. 1999).

**CONCLUSION**

For the reasons stated above, the court grants the Borough's motion to dismiss the complaint for plaintiff's failure to comply with the Chapter 91 request. Plaintiff is entitled to a reasonableness hearing under Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988).

Very Truly Yours,

  /s/ Mala Sundar
Hon. Mala Sundar, P.J.T.C.

4